

YAAKOV SAKS ▲*
JUDAH STEIN ▲
RAPHAEL DEUTSCH ʌ
KEN WILLARD ▲
RUSSELL WEINRIB ▪
DAVID FORCE ▲

▲ NJ & NY Bar
ʌ CT & NJ Bar Admissions
▪ NJ Bar Admission
*Federal Court Bar Admissions
CO, TX, WI, MO, NE, NM, IL, ND, MI, CT, AR, TN

Admissions

285 Passaic Street, Hackensack, NJ 07601 | tel: 201.282.6500 | fax: 201.282.6501 | www.steinsakslegal.com

January 6, 2021

The Honorable Brian M. Cogan
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

   RE: Chernofsky v. GC Services. et al
      Case No. 1:20-cv-05529-BMC

Dear Judge Cogan:

  We represent the Plaintiff in the above referenced action. The Parties jointly write pursuant to Your Honor's Order in advance of the Initial Conference, presently scheduled for January 13, 2021 at 10:30 PM.

  Plaintiff filed this putative class action on November 13, 2020 for damages and declaratory and injunctive relief arising from the Defendant's alleged violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA").

  Defendant sent Plaintiff a collection letter dated April 22, 2020. Plaintiff alleges that this communication was deceptive, misleading and an unfair debt collection method as the letter contained language which stated that " As of the date of this letter, you owe $2,460. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your payment. For further information, write the undersigned or call (888) 438-7954."

The statement is false and deceptive because it implies that the balance could be increasing due to interest and adjustments which is impossible because the Letter itself states that Plaintiff has established a payment plan of fixed payments.

Defendant asserts that the use of the *Miller* safe-habor language referenced above was proper because interest continued to accrue on Plaintiff's outstanding balance during the period of the payment plan. Further, if Plaintiff failed to comply with the repayment plan or he exited the plan for any reason, his account was subject to the Terms and Conditions detailed in his Cardmember Agreement, including late payment fees, interest and other charges. As this Court has found when the amount due may change, the use of the *Miller* safe-harbor language is not materially misleading, inaccurate, unfair, or unconscionable. *See Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 305 (2d Cir. 2020); *Musante v. Forster & Garbus, L.L.P.*, No. 19-cv-440 (SJF) (ARL), 2020 WL 4676474, at *5 (E.D.N.Y. Aug. 12, 2020) ("As the debts were subject to possible increase under not just one, but all three identified categories, inclusion of those categories in the safe harbor was accurate."); *Morgan v. Northstar Location Servs., LLC,* No. 18-cv-2485, 2019 WL 3531461, at * 6 (E.D.N.Y. Aug. 1, 2019) ("debt collectors may include the safe harbor language, even when they do not intend to collect interest, late fees, and/or other charges, as long as they possess the contractual right to collect those charges"); *Coleman v. Alltran Ed. Inc.,* No. 18-CV-6564, 2019 WL 2570248, at *3 (E.D.N.Y. June 20, 2019) (finding that the *Miller* language was not inaccurate or misleading "because plaintiff has conceded that late charges *could* be assessed on his debt if his debt were rehabilitated and he failed to make timely payments on it thereafter"); and  *Avila v. Reliant Capital Solutions, LLC*, No. 2:18-cv-2718 (ADS)(ARL), 2018 WL 5982488, at *4 (E.D.N.Y. Nov. 14, 2018) (finding that where the safe harbor language references possible increases in interest, late charges, and other charges, "it is only necessary for one of the three components to change . . . the Letter's accuracy does not need to specify which of those components fluctuate nor does it require all three to do so.").

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

Plaintiff and the Class seek statutory damages as provided for in 15 U.S.C. § 1692k(a)(2)(A), in an amount as the Court may allow. Additionally, Plaintiff seeks costs of this action together with a reasonable attorney's fee as determined by the Court.

There are no outstanding motions at this time. Plaintiff anticipates filing a Motion for Summary Judgment. Defendant likewise anticipates filing a Motion for Summary and opposing Class Certification.

To comply with the Court's order, the parties will have the completed Case Management Plan to the Initial Status Conference prior to the conference on January 13, 2021  at 10:30 a.m.

We thank Your Honor and the Court for its kind considerations and courtesies.

Sincerely,



YAAKOV SAKS▲*
JUDAH STEIN▲
RAPHAEL DEUTSCH ^
RACHEL DRAKE ▪
DAVID FORCE ▲

▲ NJ & NY Bar Admissions
^ CT & NJ Bar Admissions
▪ NJ Bar Admission
*Federal Court Bar Admissions
CO, TX, WI, MO, NE, NM, IL, ND, MI, CT, AR, TN
285 Passaic Street, Hackensack, NJ 07601 | tel: 201.282.6500
fax: 201.282.6501 | www.steinsakslegal.com

     /s/ Raphael Deutsch
Raphael Deutsch
Stein Saks, PLLC
285 Passaic Street
Hackensack, NJ 07601
Tel: (201)-282-6500
Email: rdeutsch@steinsakslegal.com
*Attorneys for Plaintiff*


/s/Richard J. Perr
Kaufman Dolowich & Voluck, LLP
Four Penn Center
1600 John F. Kennedy Blvd.
Suite 1030
Philadelphia, PA 19103
215-501-7002
Fax: 215-405-2973
Email: rperr@kdvlaw.com
*Attorney for Defendant*